Good morning, Your Honor. This is David Williams for Appellant Rojankovski. Your Honor, this case is also here as a denial of an asylum case, and it's got a little bit of a tortuous history. We're here alleging several things on a legal basis. One is ineffective assistance of counsel at the BIA and as well as at the immigration court level. With respect to the BIA, that's a pretty simple argument from our perspective. The brief was literally a single sentence that said, if you find them credible, you should probably grant asylum. And we set forth this in our points of authorities and cite to the record. With respect to what happened at the... Don't you have to do something more to preserve your ineffective assistance counsel claim, Decora? With respect to the BIA, if we make a claim with them, we have to complain to the bar, send a letter to the attorney. By the time I got the case, we were already here. Okay, so you haven't really done the things that allows us to consider that happening? I didn't make that claim at the BIA level because I wasn't involved. When did you come on as the attorney for Rojankovski? After the notice of appeal was filed here, then I stepped in and prepared the brief and took over. I'm trying to understand. Do you agree that your ineffective assistance claim is unexhausted? I'm sorry, I didn't hear you. Do you agree that the ineffective assistance claim is not exhausted? It's a yes or no. You don't think so? Well, the reason I don't agree is I can't raise that at the administrative level because we're here, that we're past the BIA level at this point. And part of my complaint is he didn't do anything at the BIA. He filed a notice of appeal, said, well, I think maybe the IJ made a mistake. That was the substance of the brief. You can't file a motion to reopen? In fact, why haven't you done so yet? Why haven't I done a motion to reopen? Because once it was here, this Court has jurisdiction, and the BIA couldn't reopen at that point. It would have to be remanded back to them. But you could file a motion to reopen. Not jurisdictionally. They can't reopen it once it's here. Right. If it didn't work out your way here. Then yes. Okay. Absolutely. So with respect to the IJ, what happened in the Immigration Court, that's a little bit, it's kind of a hybrid argument. His attorney at that point presented basically the skeleton of some of the arguments. They made the points, but nothing was developed. In fact, at that level, the government attorney did a closing argument, which basically pointed out, raise all these points, they're kind of interesting and all, but that's as far as you've gone. Our argument with respect to what happened at the Immigration Court level was a little bit of a hybrid because the issues were raised in front of the judge, and they were addressed in the opinion. So they were made. They were preserved. And that put us, our complaint with the Immigration Court is that he applied the wrong legal standard. This case is pretty close to on all fours with the Cotova v. Gonzales case that we cited in our points and authorities. In that case, we had a, the only difference was the petitioner or the appellant in that case was a woman and she was a Jew. Other than that, we have a man who is an ethnic Ukrainian, was not allowed to follow his religion, was denied jobs, was, and this term is, I don't mean to use the term of art, either arrested or detained twice by the police. He was, his difficulties arose at the very end of the USSR and then when it went into Russia. However, after Russia became Russia, he received a phone call that said, you thought it was bad under the Soviet Union, you're really going to be in trouble now. And that's when it came to the United States. Let me just ask you this. I want to make sure I understand just procedurally what's being considered at this point. It appears the I.G. made the findings and even if, the I.G. determined even if Mr. Rosenkoski had suffered past persecution, he could not have a well-founded fear of future persecution. Is that correct? Is that what the I.G. found? Yes. All right. The BIA then dismissed Mr. Rosenkoski's asylum and withholding claims for the reasons stated by the I.G. and it doesn't appear that the petitioner challenged the agency's changed circumstances or changed country conditions finding. Is that correct? That is correct. So isn't that finding just sufficient on its own to deny the asylum and withholding claims if it wasn't challenged? Well, it's a two-step process. So you have to appeal that, right, to the BIA. Well, the appeal that was filed, you know, this comes back to the single. You're saying that it was ineffective assistance of counsel at that point. Yes. But you haven't yet brought that. And, of course, if there's just a one-sentence appeal, then, I mean, the order we're reviewing, it's hard to say that it, you know, was wrong when there wasn't any arguments made before the board. I don't disagree with that at all. It was, you know, candidly, it's a little bit difficult to determine what was appealed. We filed the notice of appeal, and virtually, he says, the attorney, everything that happened up to this point must have been a bad decision. But there's no legal basis. There's no factual basis. Has he applied to justice status, or did he do so before the I-Chain? He has an approved labor certification, but when he filed the next step, the I-140, that was denied. He also has an approved I-130 family petition through his brother, but the visas are not current. When did he apply to justice status? He didn't make it to the adjustment stage. He didn't make it. He made it and filed a labor certification, which is, I think at the time it started off with the EDD, which is the first step. That was approved. The next step is an alien labor petition, which is the I-140. That was denied. In conjunction with that, he has the family petition that his brother filed for him that was approved. The visas on those are approximately two years out, depending on how fast they move. And so he's not eligible to adjust status on that yet. What relief are you asking from us here? What I'm asking for is to remand it back to the BIA, ultimately back to the IJ, so he can have a full hearing with what I assume is going to be effective assistance counsel. Or in the alternative. What authority is there for us to do that? Well, if this Court determines that he was not appropriately represented at the BIA, you have the authority to remand it. We're appealing that order. Okay. Okay. With respect to the alternative, although it's not well presented, the issues that were presented in the immigration court were that he was not allowed to work in his chosen profession because he couldn't get security clearance because he was from the Ukraine instead of Russia. He was not allowed to practice his chosen religion. He had been attacked. He received threats from government agencies, which at that time he assumed was the KGB. With respect to the record also containing references to his family history, having suffered persecution, there is a little bit of an issue because of a great deal of time gap. But we believe the record as it stands is sufficient to grant him his asylum claim. Although I certainly think it could have been a lot better, but there is indications that the judge did not find him incredible. The evidence was presented, and he's presented enough to show that he qualifies for the asylum he's asking for. Thank you. Thank you. Good morning. Ann Welhoff for Respondent, Attorney General Holder. May it please the Court. This case, too, is before the Court on the agency's denial of an asylum application. Can you tell me how this works? I mean, it doesn't seem to me we have anything to review on ineffective assistance of counsel. But if the ineffective assistance occurs at the BIA and then he appeals to the Ninth Circuit, what's he supposed to do to get this perfected? To get his claim perfected? He could have filed a motion to reopen before the agency for ineffective assistance of counsel. What happens if it's already in the Ninth Circuit? Well, he can't file it then. And the prior ineffective counsel filed a notice of appeal in the Ninth Circuit. Well, he can file a motion to reopen before the Board while there's a petition for review pending, and aliens do it all the time. Really? And if it's reopened, then this case is now mooted because the reopening would mean there's no longer a final order of removal, and it's dismissed on the grounds of mootness in your Court. Also ---- He says there's no ---- I thought that happened, and I thought I had seen that. It happens a lot. But he says there's no jurisdiction for the Board to do anything if it's in the Ninth Circuit. That's not correct. Are you sure? Because that's the way jurisdiction usually works. I'm sorry? Are you certain of that? And the way jurisdiction usually works is once there's a notice of appeal in our Court, the lower Court has no more jurisdiction over that issue, and we have the jurisdiction. And while we have the jurisdiction, anything that the lower Court would do would be ---- wouldn't be meaningless. Well, Your Honor, respectfully, I agree that you have jurisdiction over the final order of removal. However, I guess I don't want to call it a collateral attack, but it's done all the time where aliens do have that avenue to seek reopening before the agency and vacate the removal order, and it's done all the time while cases are pending before the Court. I think he could do that maybe for adjustment or some other ground, but right now we have control of the asylum and the persecution. Yes, you do. But he's not really going to the agency and asking them to revisit the asylum issue that's before you. He would be going to the agency and saying the proceeding should be reopened and redone in total And he has to come to the agency with his prima facie case, which is just simply laying out the requirements under Lozada. But it's done often. And, in fact, sometimes we'll get cases where there's motions reopened pending before the Board and we'll do a mediation hold, seeing if that works out as well, like we just discussed. But I'm not aware of anything that would prevent him from seeking to reopen this case on that ground or any other ground because of this petition. That's an avenue he could do. He's a different counsel than the one. Right. That's what he was saying is his problem. I mean, you look at the record. It's clear there was ineffective assistance of counsel in front of the BIA, if not the IJ, by this prior counsel who actually is not even allowed to practice in our circuit anymore because he had so many watches put on him. So it's patently clear that he's going to be able to show ineffective assistance of counsel, and it's clear on this record. Why don't you assume that he could show that the counsel was ineffective, and then I suppose there's another issue as to whether that prejudiced him. I don't know if that's how it works. Well, certainly, yeah. He would have to show that, one, representation was deficient, and, two, that it prejudiced him. And, again, he has to bring that before the agency and reopen and get this removal order. Then at that point, if he gets reopening, there isn't a removal order and it starts over. I mean, that's an avenue he could have and should have taken. Well, could we all just agree, you know, that given this may be just another one that could go to mediation to determine whether the agency was willing to reopen for ineffective assistance of counsel now that we seem to have an effective counsel representing him? In other words, Your Honors, a mediation hold so that he can pursue the avenue of reopening? If the court would instruct there needs to be some reasonable time period for him to go ahead and take that action, I suppose that we could put it in a hold and let him pursue reopening at the agency level if he would do so promptly. I'm not sure why it wasn't done already, but that's something that could be done. As to the actual merits of the case, though, and the actual asylum claim, as Your Honor pointed out, he has not contested the finding of changed circumstances in Russia since. Oh, that's one of the questions on the merits I have for you. The agency seemed to conclude it seems like they put the burden on the petitioner to prove the lack of changed circumstances and that really isn't the burden on the government to prove that there are changed circumstances. Didn't the agency err by doing that? Well, the burden would have shifted to the government if the presumption of past persecution arose. But, see, that was the alternative holding by the IJ was even if this is past persecution, there's been no showing of the conditions remain the same because, you know, we've had the dissolution of the USSR. So putting the burden on the petitioner to put proof in that things were still the same and he'd still be prosecuted. Persecuted, I'm sorry. I don't know that I would agree that they expressly placed the burden on him to show no change in country conditions. But I would note on page 7 of the IJ's decision, it's a little bit unclear where he did place the burden. I think that basically he says even if there was past persecution, there is the presumption's been rebutted. It's kind of using the past tense, who rebutted it, him or the government. I understand. What was the evidence that rebutted it? Well, just the evidence that the Soviet Union fell. But, you know, logically just because the Soviet Union fell doesn't mean he wouldn't still be persecuted. I think it would probably – well, the government didn't find he was persecuted here. He didn't – the government found that he wasn't. And as to the merits of that, if you look at the record and read the testimony about the two times when he had the confrontations with the police, the court will see that both times there's absolutely no real indication that they're stopping the demonstration and taking action, taking the signs from them. It was actually motivated by the substance of their political speech. It was, hey, where's your permit? There's 1,000 people here. You don't have a permit. You're done shutting it down. The second time, they told him to stop. And they – by the testimony, they refused to do so and continued marching right – stampeding right through the police. There was really no altercations about the substance or that this was political suppression of speech. I think there was – it was possibly crowd control. The government found that, A, the harm wasn't severe enough, and, B, it didn't look like it had a nexus. So the presumption didn't apply. But even if it did, the evidence and record was a dramatic political change in that country that I think is undeniable. And the government – or the agency held it that, therefore, he didn't show he would continue to be at future risk for – dramatic change in the government at that point. Let me just ask before your time is up. With respect to the Raja, I guess, case, you seem to impliedly acknowledge that that's the appropriate manner in evaluating a motion to remand. What is your – should we remand the case to the agency so it can address what effect the Raja – that Raja case has on Rozhenkovsky's motion? I'm sorry. Which motion do you mean, though? I'm not sure. The motion to remand. Didn't Mr. Rozhenkovsky make a motion to remand? Oh, yes, he did. And there was a new case that came down after the BIA's decision. I'm sorry. I'm not following you. A motion to remand after the case was submitted to the court, Your Honor? Yes. That one? Oh, okay. He had – I think it was – Well, he did submit a motion to remand. But wasn't that related to his belief that he was eligible for an immigrant visa? Yes. Yes. That's the one I thought. Raja. His visa has not been approved, and I think he just stated that, that his I-140 was not approved. And he does have an I-130 approved. However, his number is at least two years out. I don't think there's any reason – there's no prima facie eligibility, and I believe that he more or less admitted that to you when he was up here. He hasn't shown he's prima facie eligible for adjustment of status, and I don't believe the court would remand under those circumstances. The – as I understood it, his application to the agency to remand for consideration of his visa was denied because he didn't put in the proper documentation, correct? He didn't have – he didn't have the labor approval. He didn't have the documents that showed this. That's correct. Yes. Yes. Okay. Exactly. When he went to the agency, at the same time as he was arguing the merits of his case, he did ask for a remand on those grounds, and the agency said no prima facie eligibility. And that's still the case today, Your Honor, because I believe he just said the I-140 was not approved and the I-130 is still two years out. And that doesn't affect your original position on this? On the merits of the case? On the motion to remand. He clarified. If he would like to seek reopening before the agency on the grounds of ineffective assistance, those two things don't bear on that. Okay. Right. But the question was, after the BIA ruled that – denied his motion to remand in its April 23, 2009 order, the BIA issued a precedential ruling that addresses the standards for evaluating remands based on labor certification. And the BIA's ruling didn't have the benefit of the precedential opinion of the BIA when it underwent that analysis. You're talking about the matter of Raja. Right. And that – but I believe that dealt with when it would be appropriate for the agency to continue the case to allow pursuit of adjustment of status. It's a little different. Well, but is it – I mean, what is the difference between remanding or just allowing a continuance? Remand – to remand, you have to be prima facie eligible. To get a continuance, it's something shorter of that, I think. And Raja listed five. In other words, if you're pending before the IJ or the agency and you want to – before the IJ and you want to continue the matter to pursue that, it lists five factors that the court should weigh in exercising its discretion, whether it would be appropriate to continue the case and let you go down that road and we'll just hold this off. In the immigration court. Yeah. For the immigration court to decide to continue its own proceedings. Exactly. Which is not such a high burden now, but that didn't happen in this case. He didn't ask for a continuance. He asked for a remand. Correct. Of course, you could chalk that up to the confidence of that counsel, too. I suppose. I know. Yes, I understand. Is there any more questions on the merits of the case? No. And you're out of your time, so thank you. Thank you, Your Honor. Thank you. Roshenkovsky will be submitted – will take up.
judges: Restani, Wardlaw, Murguia